UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVIS REAGER | CIVIL ACTION |
| VERSUS | NO. 24-1979 |
| C-DIVE, LLC, ET AL. | SECTION R (3) |

**ORDER**

Before the Court is the parties' joint motion to continue trial and all pretrial deadlines and to set a scheduling conference.[1] For the following reasons, the Court grants the motion.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation modified). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the

---

1 R. Doc. 59.

particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000) (citation modified)).

The parties argue that plaintiff's medical condition will not be sufficiently evaluated and treated prior to trial.[2] Plaintiff's treating physician has ordered additional diagnostic testing, and surgery may be required. As a result, the parties argue, the extent of damages will not be known by the time of trial, and expert witnesses will not be able to fully evaluate plaintiff's medical condition.

The parties have already sought and received a continuance of trial and all deadlines in this case on the same grounds on which they now seek a second continuance.[3] This case was filed over two years ago.[4] The need to evaluate tests and arrive at a possible surgery recommendation can be accomplished in short order. Nevertheless, the first deadlines in the Scheduling Order are now upon the parties, and a modest continuance would allow the parties a reasonable amount of time to determine plaintiff's medical needs.

---

2 *Id.* at 2.
3 R. Doc. 53; R. Doc. 54.
4 R. Doc. 1.

The Court therefore **GRANTS THE MOTION IN PART** and resets all deadlines in the April 29, 2026 Scheduling Order as follows:

Plaintiff's expert reports under Fed. R. Civ. P. 26(a)(2)(B) or disclosures under Fed. R. Civ. P. 26(a)(2)(C) shall be delivered to counsel for Defendant as soon as possible, but in no event later than **JANUARY 1, 2027**.

Defendant's expert reports under Fed. R. Civ. P. 26(a)(2)(B) or disclosures under Fed. R. Civ. P. 26(a)(2)(C) shall be delivered to counsel for Plaintiff as soon as possible, but in no event later than **JANUARY 21, 2027**.

Depositions for trial use shall be taken and all other discovery shall be completed no later than **JANUARY 26, 2027**.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, including the address and telephone number of each witness. Each party shall designate those witnesses whose testimony the party expects to present by deposition, and include a transcript of the pertinent parts of the deposition. Additionally, each party shall identify the documents or exhibits the party may or will use at trial, separately identifying those items the party expects to offer and those it may offer if the need arises. These disclosures must be made no later than **JANUARY 26, 2027**.

All non-evidentiary pretrial motions, including dispositive motions and class action certification motions, shall be filed no later than **JANUARY 26, 2027**. Memoranda in opposition to motions with citations of authorities are to be filed no later than **FEBRUARY 2, 2027**. Reply memoranda shall be filed by 4:00 P.M. on **FEBRUARY 8, 2027**. The motion will be deemed submitted on **FEBRUARY 10, 2027**. **Deposition transcripts submitted in support of motions are to be in an uncompressed format, specifically, double spaced lines on single sided pages.**

Motions challenging the qualifications of expert witnesses, and/or the reliability, or relevance of expert testimony ("*Daubert* motions") shall be filed no later than **JANUARY 26, 2027**. Memoranda in opposition to motions with citations of authorities are to be filed no later than **FEBRUARY 2, 2027**. Reply memoranda shall be filed by 4:00 P.M. on **FEBRUARY 8, 2027**. The motion will be deemed submitted on **FEBRUARY 10, 2027**. This Section adheres to Local Rule 78.1 regarding oral argument on motions.

Motions *in limine* shall be filed on or before **MARCH 30, 2027**, and responses thereto shall be filed no later than **APRIL 6, 2027**.

**Motions filed in violation of this order will not be considered unless good cause is shown.**

No later than **MARCH 13, 2027**, the parties shall exchange copies of exhibits, a list of proposed trial exhibits, as well as deposition designations of proposed trial witnesses. By no later than **MARCH 16, 2027**, the parties shall exchange objections to exhibits and deposition testimony. No later than **MARCH 17, 2027**, the parties must meet in person, video conference or telephone to arrive at all possible stipulations and to resolve objections as to the admissibility of exhibits and deposition testimony. The parties shall submit memoranda on any unresolved objections to exhibits or deposition testimony no later than **MARCH 30, 2027**.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

**IF ANY PARTY WISHES TO SCHEDULE A SETTLEMENT CONFERENCE, THAT PARTY SHOULD CONTACT THE ASSIGNED MAGISTRATE JUDGE SIX WEEKS PRIOR TO THE PRETRIAL CONFERENCE DATE FOR THE PURPOSE OF SCHEDULING A SETTLEMENT CONFERENCE TO BE HELD AT LEAST TWO WEEKS PRIOR TO THE PRETRIAL CONFERENCE.**

A final Pretrial Conference will be held on **APRIL 1, 2027 AT 11:00 A.M.** The pretrial order must be filed electronically through the Court's Electronic Case Filing system by **12:00 P.M. on MARCH 30, 2027**.

Trial will commence **the week beginning APRIL 12, 2027 at 8:30 A.M.** before the District Judge **WITH** a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial must be completed in three days. The Court will allot trial time to each side at the Pretrial Conference.

New Orleans, Louisiana, this 16th day of October, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE